UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WILLIAM H. BASKIN and JUDY M. BASKIN,<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO BANK, N.A., CITIMORTGAGE, INC.; CITIGROUP, INC., and DOES 1-100, inclusive,<br><br>Defendants. | Case No: C 11-0825 SBA<br><br>**ORDER REMANDING ACTION** |

On January 20, 2011, Plaintiffs William and Judi Baskin (collectively "Plaintiffs") filed the instant mortgage fraud action against Defendants Wells Fargo Bank, N.A. ("Wells Fargo"), CitiMortgage, Inc. ("CitiMortgage"), and Citigroup, Inc. ("Citigroup") in San Mateo County Superior Court. Plaintiffs allege that Defendants agreed to a loan modification, but that they later reneged upon said agreement and sought to foreclose on Plaintiffs' home. Plaintiffs' Complaint against Defendants alleges three state law causes of action for negligence per se, breach of contract and Unfair Business Practices under California Business and Professions Code § 17200 et seq. As relief, Plaintiffs seek specific performance of the loan modification agreement and compensatory damages.

On February 22, 2011, CitiMortgage and Citigroup filed a Notice of Removal based on the alleged presence of diversity jurisdiction. Dkt. 1. Although the removal notice avers Plaintiffs are completely diverse from CitiMortgage and Citigroup, it is silent as to the citizenship of Wells Fargo. Notice of Removal ¶ 4.[1] The Notice of Removal avers that

---

[1] The Complaint merely alleges that: "Based on knowledge and belief, the only other removed Defendant in this action is Wells Fargo Bank ("WFB"). Since WFB has not yet responded to the Complaint, Defendants have not been able to determine whether it objects to the removal." Notice of Removal ¶ 7.

"the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs because Plaintiff [sic] seeks damages for breach of contract and unfair business practices relating to a $730,000 loan securing real property." Id. ¶ 3.  On February 28, 2011, Wells Fargo filed a joinder in the removal, but did not articulate its citizenship.

Defendants, all of whom are represented by the same counsel, have filed a motion to dismiss the First Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6).  However, "[b]efore considering [a defendant's] motion to dismiss on the merits…, the district court [has] a duty to ascertain whether it possesse[s] subject matter jurisdiction."  United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 965 (9th Cir. 2004).  A district court has "a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not."  United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004); accord Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996) (lack of subject matter jurisdiction may be raised at any time by either party or by the court sua sponte).

The federal removal statute permits the removal of an action which could have been brought originally in federal court.  See 28 U.S.C. § 1441(a). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  Prize Frize Inc. v. Matrix Inc., 167 F.3d 1261, 1265 (9th Cir.1999).  A district court must remand a case to state court "if at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003).

Under 28 U.S.C. § 1332(a), jurisdiction founded on diversity "requires that the parties be in complete diversity and the amount in controversy exceed $75,000."  Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).  "Complete diversity" means that all plaintiffs must have citizenship different than all defendants.  See Allstate Ins. Co. v. Hughes, 358 F.3d 1089, 1095 (9th Cir. 2004).  "Absent unusual

1  circumstances, a party seeking to invoke diversity jurisdiction should be able to allege
2  affirmatively the actual citizenship of the relevant parties." Kanter v. Warner-Lambert
3  Co., 265 F.3d 853, 857 (9th Cir. 2001).  The "failure to specify state citizenship [is] fatal to
4  [an] assertion of diversity jurisdiction." Id.  Here, neither the Complaint, Amended
5  Complaint, the Notice of Removal nor Wells Fargo's joinder therein alleges the citizenship
6  of Wells Fargo.  Thus, based on the record presented, Defendants have not established the
7  diversity of citizenship between Plaintiffs and all Defendants.
8         Separate and apart from the above, there is nothing in the Complaint to indicate that
9  the amount in controversy exceeds $75,000.  See Abrego Abrego v. The Dow Chem. Co.,
10 443 F.3d 676, 690 (9th Cir. 2006) (noting that the district court may review the complaint
11 to determine whether it is "facially apparent" that the jurisdictional amount is in
12 controversy).  In their Notice of Removal, Citigroup and CitiMortgage allege that the
13 amount in controversy exceeds $75,000 because the loan on the property at issue is
14 $730,000.  Notice of Removal ¶ 3.  However, since Plaintiffs are not seeking to rescind
15 their mortgage, the amount in controversy is "not properly gauged by the loan amount."
16 See Gaspar v. Wachovia Bank, No. C 10-3597 SBA, 2011 WL 577416, at *4 (N.D. Cal.
17 Feb. 9, 2011) (remanding mortgage fraud action where it was not clear from the pleadings
18 that more than $75,000 was in controversy, even though the mortgage amount was
19 $740,000); e.g., Horace v. LaSalle Bank Nat'l Ass'n, No. 3:08cv1019–MHT, 2009 WL
20 426467, at *1-2 (M.D. Ala. Feb. 17, 2009) (granting plaintiff's motion to remand where the
21 "true gravamen of [plaintiff's] complaint is the unspecified amount of damages she seeks as
22 a result of alleged negligence and fraud associated with the procurement of the mortgage,"
23 and rejecting defendant's contention "that the $75,000 amount-in-controversy requirement
24 is met simply because the original value of the mortgage was $283,500"); Landa v. Flagstar
25 Bank, FSB, No. 10cv1429-L(BGS), 2010 WL 2772629, at *2 (S.D. Cal. July 13, 2010)
26 (remanding a mortgage fraud action, which defendant had removed on diversity grounds
27 and the fact that the loan amount exceeded $75,000, where plaintiff did not seek to rescind
28 the mortgage loan, and instead sought damages in an unspecified amount under claims for

breach of fiduciary duty, negligence, negligent misrepresentation, intentional misrepresentation, fraud, violation of § 17200, slander of title, defamation, and intentional infliction of emotional distress).  Since it is not clear from the Notice of Removal or the pleadings that at least $75,000 is in controversy, remand is appropriate.  See <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 567 (9th Cir. 1992) (lack of specific facts demonstrating that the amount in controversy at the time of removal met the jurisdictional minimum justified remand).  Accordingly,

    IT IS HEREBY ORDERED THAT, pursuant to 28 U.S.C. § 1447(c), the instant action is REMANDED to the Superior Court of California, County of San Mateo.  The hearing scheduled for November 8, 2011 on Defendants' motion to dismiss is VACATED.  The Clerk shall close the file and terminate any pending matters.

    IT IS SO ORDERED.

Dated: November 4, 2011             _____
                                                SAUNDRA BROWN ARMSTRONG
                                                United States District Judge